IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MR. LARRY DARNELL WASHINGTON,<br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,[1]<br>Acting Commissioner of Social Security<br>Administration,<br>Defendant. | CIVIL ACTION<br><br><br><br><br>NO. 12-6970 |

DuBois, J.                                                                                                November 13, 2014

# MEMORANDUM

## I.      INTRODUCTION

In this action, plaintiff Larry Darnell Washington seeks review of the Social Security Commissioner's final decision denying his claim for Disability Insurance Benefits ("DIB"). The denial was based on a determination by an administrative law judge ("ALJ") that plaintiff was not disabled under the Social Security Act. The Court referred the case to United States Magistrate Judge Henry S. Perkin for a Report and Recommendation ("R & R"). Magistrate Judge Perkin issued an R & R on January 27, 2014, recommending that plaintiff's Request for Review be denied. Plaintiff timely filed Objections to the R & R, which are presently before the Court. For the reasons that follow, the Court approves and adopts the R & R, overrules plaintiff's Objections, and denies plaintiff's Request for Review. The Court writes only to explain its decision to overrule plaintiff's Objections.

---

[1]      Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit.

## II. BACKGROUND AND LEGAL STANDARD

The background of this case and the applicable standard of review are set forth in detail in the R & R and will be recited in this Memorandum only as necessary to address the issues presented by plaintiff's Objections. In assessing the Objections, the Court must evaluate de novo those portions of the R & R to which objection has been made. 28 U.S.C. § 636(b)(1)(C). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.; see also Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001).

## III. DISCUSSION

Plaintiff raises two Objections to the R & R: (1) that Magistrate Judge Perkin failed to consider all of the evidence proving that plaintiff is disabled under the Social Security Act; and (2) that the ALJ failed to consider plaintiff's actual ability to obtain a job when determining whether plaintiff could perform other work in the national economy. The Court addresses each of plaintiff's Objections in turn.

### A. PLAINTIFF'S FIRST OBJECTION

Plaintiff first objects to Magistrate Judge Perkin's conclusion that substantial evidence supported the ALJ's determination that plaintiff was not disabled under the Social Security Act. Specifically, plaintiff challenges the ALJ's conclusion that he did not satisfy the criteria of Listings 4.11 and 11.04 of the Social Security Listing of Impairments. The Court considers plaintiff's arguments with respect to each Listing in turn.

#### 1) Listing 4.11: Chronic Venous Insufficiency

In order to satisfy the criteria of Listing 4.11, plaintiff must prove that, on or before

December 31, 2003,[2] he suffered from "chronic venous insufficiency of a lower extremity with incompetency or obstruction of the deep venous system" and either "extensive brawny edema" or "[s]uperficial varicosities, stasis dermatitis, and either recurrent ulceration or persistent ulceration that has not healed following at least 3 months of prescribed treatment." 20 C.F.R., Part 404, Subpart P, Appendix 1, § 4.11.

To the extent that plaintiff raises the same arguments in his Objections that he raised in his Legal Brief in Support of Plaintiff's Request for Review of Denial of Social Security Disability Benefits (Document No. 12, filed April 5, 2013), those arguments are unavailing. Although plaintiff did come forward with some objective evidence of the existence of varicosities in his lower left leg during the relevant time period, the ALJ determined that, notwithstanding the existence of those varicosities, plaintiff failed to satisfy Listing 4.11 because there was no evidence of "incompetency or obstruction of the deep venous system." (R & R at 10.) Specifically, the ALJ noted that "a series of ultrasound studies showed no evidence of acute deep vein thrombosis or other blockages in the lower extremities." (Id.) The ALJ further noted that Listing 4.11 was not satisfied because there was no evidence of brawny edema or an ulceration during the relevant period. (Id. at 11.)

Plaintiff argues that there was such evidence in the record and points to certain statements made by Dr. Rita Carabello on May 21, 2013 and April 21, 2014, in which Dr. Carabello concluded that plaintiff had incompetent veins in his lower left leg and that he suffered from recurrent ulceration that had not healed despite three months of prescribed treatment. Plaintiff asserts that this evidence is sufficient to prove he met the criteria of Listing 4.11. The Court

---

[2] In order to be eligible for disability insurance benefits, plaintiff has to prove that he became disabled on or before December 31, 2003, the date on which he was last insured. (Report & Recommendation at 7.)

3

disagrees. Dr. Carabello's statements were made in 2013 and 2014 and do not establish that plaintiff suffered from chronic venous insufficiency on or before December 31, 2003, the date on which he was last insured. This evidence is, therefore, not material. See Szubak v. Sec'y of Health & Human Servs., 745 F.2d 831, 833 (3d Cir. 1984) (evidence is material if it "relate[s] to the time period for which benefits were denied, and [does] not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition"). By reason of the foregoing, the Court concludes that there is substantial evidence in the record to support the ALJ's conclusion that plaintiff did not meet the criteria of Listing 4.11.

### 2) Listing 11.04: Central Nervous System Vascular Accident

In order to satisfy the criteria of Listing 11.04, plaintiff must prove that, on or before December 31, 2003, he suffered a stroke with one of the following symptoms persisting more than three months post-vascular accident: (a) "[s]ensory or motor aphasia resulting in ineffective speech or communication" or (b) "[s]ignificant and persistent disorganization of motor function in two extremities, resulting in sustained disturbance of gross and dexterous movements, or gait and station." 20 C.F.R., Part 404, Subpart P, Appendix 1, § 11.04.

Plaintiff does not raise any specific objection to the R & R with respect to Listing 11.04. Instead, he "repeats and incorporates by reference, the arguments he made in his original brief . . . ." To the extent that this is considered a "general" rather than "specific" objection to the R & R, it is overruled on that ground. See, e.g., Palmer v. Apfel, 995 F. Supp. 549, 552 n.4 (E.D. Pa. 1998) ("A party who files objections to a magistrate judge's Report and Recommendation is obliged to file 'specific' objections. . . General or blanket objections do not comply with Rule 72(b) and need not be addressed by the district court.") (citations omitted).

However, even if plaintiff's arguments are considered on the merits, they are unavailing.

The ALJ considered the evidence and found that there was "no medical evidence on record that specifically documents the immediate occurrence, treatment, or diagnosis of any of [plaintiff's] alleged strokes." (R & R at 14.) Although Dr. Robert M. MacMillan noted in 2004 that plaintiff suffered a stroke in 1999, this was "based on [plaintiff's] self-report[ing] to physicians, and not on firsthand knowledge by the physicians based on treatment or review of medical records." (Id.) Based on this evidence, the ALJ concluded, "with no verifiable medical evidence of the incidence of stroke, and inconsistencies in what [plaintiff] has reported as his medical history, the record does not support a finding that [plaintiff] has suffered a stroke," and this Court agrees. There is substantial evidence to support the ALJ's determination on this issue. See Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987) (claimant has the burden of presenting medical findings that show his impairment matches or is equal in severity to a listed impairment); Williams v. Apfel, No. 98-3996, 1999 WL 357357, at *1 (E.D. Pa. June 3, 1999) (citing Monsour Medical Center v. Heckler, 806 F.2d 1185, 1190 (3d Cir. 1986)) ("It is not the role of the Court to review the Commissioner's decision de novo or re-weigh the evidence of record.").

Accordingly, the Court rejects plaintiff's arguments with respect to Listings 4.11 and 11.04 and overrules plaintiff's first Objection.

### B.   PLAINTIFF'S SECOND OBJECTION

Plaintiff's second and final Objection to the R & R pertains to the ALJ's determination that plaintiff was not disabled because he possessed the residual functional capacity[3] to perform a significant number of light and sedentary level jobs in the regional and national economies prior to the date when he was last insured. Plaintiff argues that the ALJ's assessment is flawed because he did not consider whether there was a reasonable possibility that an impaired wage earner such as

---

[3]   The Social Security regulations define "residual functional capacity" as "the most you can do despite your limitations." 20 C.F.R. § 416.945(a)(1).

plaintiff could compete with other workers for the jobs for which he was qualified. The Court rejects this argument.

The Code of Federal Regulations clearly states that an inability to obtain work, a lack of job openings, or a claimant's desire to perform a particular type of work are insufficient bases to demonstrate entitlement to DIB. 20 C.F.R. § 404.1566(c). Moreover, the cases that plaintiff cites in support of his argument — e.g., Baker v. Gardner, 362 F.2d 864 (3d Cir. 1966) — pre-date a 1967 Congressional amendment to 42 U.S.C. § 423, which had the effect of overruling those decisions. The statute now clearly states:

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, <u>regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.</u>

42 U.S.C. § 423(d)(2)(A) (emphasis added). The U.S. Court of Appeals for the Third Circuit has since recognized the overruling of the Baker line of cases. See, e.g., Grandillo v. Barnhart, 105 F. App'x 415, 419–20 (3d Cir. 2004) ("[The] language [in the amended statute] stemmed the tide of cases reading into the Social Security Act a requirement that the applicant be unable to compete with other workers for the jobs for which he is qualified. . . . In light of clear statutory language, we will not saddle the Commissioner with making a showing that the applicant is unable to compete with other workers for the jobs for which [] he is qualified."). Accordingly, the Court overrules plaintiff's second Objection to the R & R.

## IV.   CONCLUSION

For the foregoing reasons, plaintiff's Objections are overruled, the R & R is approved and adopted, and plaintiff's Request for Review is denied. An appropriate order follows.